UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LE TALLEY-HO CONSTRUCTION COMPANY** | **CIVIL ACTION NO.:** |
| **VERSUS** | **DISTRICT JUDGE:** |
| **JOHN DEERE CONSTRUCTION &FORESTRY COMPANY, W. L. DOGGETT, LLC D/B/A DOGGETT MACHINERY SERVICES, LLC, GREAT AMERICAN INSURANCE GROUP, ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., BRENT ROMERO AND ABC INSURANCE COMPANY** | **MAGISTRATE JUDGE:** |

### NOTICE OF REMOVAL

Defendant, John Deere Construction & Forestry Company ("Deere Construction"), pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this cause of action from the Parish of Lafayette, 15th Judicial District, State of Louisiana to the United States District Court for the Western District of Louisiana, Lafayette Division.

1. **Plaintiff's Petition Is Removable**

A. **Plaintiff's claims and the parties.**

On August 17, 2015, Le Talley-Ho Construction Company ("Plaintiff"), commenced this lawsuit against Deere Construction, W. L. Doggett, LLC, D/B/A Doggett Machinery Services, LLC ("Doggett"), Great American Insurance Company of New York ("Great American"), Arthur J. Gallagher Risk Management Services, Inc. ("Gallagher"), Brent A. Romero ("Romero"), and ABC Insurance Company, in the Parish of Lafayette, 15th Judicial District, State of Louisiana. (Plaintiff's Petition for Damages dated August 17, 2015 ["Plaintiff's Petition"], attached as **Exhibit 1**.)

1

Plaintiff alleges that, on or about August 15, 2014, the Deere Construction excavator it purchased from Doggett malfunctioned causing the engine to catch on fire and resulted in a total loss of the excavator. (Plaintiff's Petition, Ex. 1 at ¶¶ 4, 9-13.) Plaintiff's claims against Deere Construction and Doggett (hereinafter collectively referred to as the "Redhibition Defendants") lie in the the Civil Articles dealing with Redhibition , La. CC Art. 2520 et. seq. or alternatively lie in the Louisiana Product Liability Act ("LPLA"), and, by reference, Chapter 9 of Title VII of Book III of the Civil Code.

Plaintiff alleges that, following its purchase of the excavator at issue, it instructed Gallagher and/or Romero, to add the excavator to the equipment list for its existing Great American liability insurance policy so as to bind insurance coverage for the excavator. Plaintiff further alleges that Gallagher and/or Romero failed to update the equipment schedule, and as a result of that omission, Great American denied Plaintiff coverage for its claim arising out of the August 15, 2014, excavator fire. (Plaintiff's Petition, Ex. 1 at ¶¶ 29-35.) Plaintiff seeks damages against Romero, Gallagher, ABC Insurance Co. and Great American (hereinafter referred to collectively as the "Insurance Defendants") related to its uninsured property damage loss, the negative impact on its creditworthiness, and costs associated with having to purchase a new excavator. (*Id*. at ¶ 36.) Although Plaintiff seemingly admits that its insurance claim is not covered by its insurance policy because the excavator at issue was not properly scheduled, Plaintiff has asserted an insurance contract claim against Great American. (Plaintiff's Petition, Ex. 1 at ¶¶ 38-42).

Notably, and relevant to this removal, Plaintiff's claims against the Insurance Defendants are unrelated to Plaintiff's claims against the Redhibition Defendants. These claims are distinct as they do not share common elements of fact or issues of law.

**B. The current parties in this action are not diverse in citizenship.**

To remove a case on diversity, the defendant must prove that the matter is between citizens of different states and that no defendant is a citizen of the forum state. 28 U.S.C. § 1332(a)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84, 126 S.Ct. 606, 163 L.Ed.2 415 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").

Plaintiff is a Louisiana Corporation. (Plaintiff's Petition, Ex. 1 at ¶ 1.)

Deere Construction is incorporated in Delaware with its principal place of business in Moline, Illinois. (Louisiana Secretary of State Corporate Information Sheet, attached as **Exhibit 2**). Great American Insurance Corporation of New York is a New York corporation with its principal place of business is in Ohio. (New York Department of Financial Service and Louisiana Department of Insurance Company Information Sheets, attached as **Exhibit 3**.) Arthur J. Gallagher Risk Management Services, Inc. is an Illinois corporation with its principal place of business in Illinois. (Illinois Secretary of State Corporate Information Sheet, attached as **Exhibit 4**.) Therefore, Deere Construction is a citizen of Delaware and Illinois; Great American a citizen of New York and Ohio; and Gallagher Risk a citizen of Illinois. *See* 28 U.S.C. § 1332(c) (A corporation for purposes of diversity jurisdiction is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

Doggett is a limited liability company and, thus, its citizenship is determined by the citizenship of each of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Doggett's sole member is William Leslie Doggett, Sr. who is a domiciliary and citizen of the state of Texas. (Consent to Removal, attached as **Exhibit 5**).

Lastly, upon information and belief, Romero is domiciled in Lafayette Parish, Louisiana. (Plaintiff's Petition, Ex. 1 at ¶ 2.)

Plaintiff and Romero are both citizens of Louisiana.  Therefore, diversity of citizenship is lacking on the face of the Petition.  However, as explained below, diversity exists as to the claims raised against the Redhibition Defendants making Plaintiff's Petition removable on the basis of diversity jurisdiction.

**C.  Diversity exists as to the claims against Deere Construction and Doggett.**

Although complete diversity appears to be lacking in this matter, diversity certainly exists between Plaintiff and Deere Construction and Doggett.  Further, Plaintiff's claims against the only non-diverse defendant, Romero, do not share a community of interest with his claims against Deere Construction and Doggett.  Therefore, Plaintiff's claims against Romero have been "fraudulently misjoined" with the claims against the Redhibition Defendants.  Plaintiff cannot circumvent Deere Construction's statutory right to a federal forum by misjoining claims against a non-diverse defendant.  Accordingly, as explained in Section 2 below, Plaintiff's Petition is removable on the basis of diversity jurisdiction.

**D.  The alleged amount in controversy in this action exceeds the jurisdictional requirement.**

The district courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different states.  28 U.S.C. § 1332.  Here, Plaintiff's Petition seeks rescission of the purchase price for the excavator in addition to other damages, including attorneys' fees. (Plaintiff's Petition, Ex. 1 at ¶ 45.)  Plaintiff purchased the excavator for $189,900 on October 9, 2013.  (Purchase Order, attached as **Exhibit 6**).  Therefore, the amount in controversy in this action well exceeds the $75,000 prerequisite for the exercise of diversity jurisdiction under 28

4

U.S.C. § 1332(a), although Deere Construction does not concede that Plaintiffs are entitled to any damages, much less damages in excess of $75,000.

### 2. **Plaintiff's Fraudulent Misjoinder of Claims Against Non-Diverse Defendant**

#### A.   Standard for fraudulent misjoinder.

There exists a longstanding principle that a plaintiff's procedural gimmicks cannot take away defendant's right of removal.  28 U.S.C. § 1441(b)(2) provides that an action otherwise removable solely on the basis of diversity of citizenship may not be removed if any party "properly joined" as a defendant is a citizen of the state in which the action is brought.  In determining whether a named defendant has been "properly joined" the question is whether there is any possibility the plaintiff will be able to establish liability against that defendant. *See e.g., Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The fraudulent joinder doctrine exists so that a plaintiff cannot circumvent federal jurisdiction by joining as parties non-diverse defendants who have no connection to the litigation.

The doctrine of fraudulent *mis*joinder was first articulated by the U.S. Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000) to prevent plaintiffs from circumventing federal jurisdiction by misjoining viable claims against non-diverse parties who have no connection to the litigation.  Fraudulent misjoinder tests the procedural basis for joining claims and defendants in a single action.  The *Tapscott* court reasoned that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott*, 77 F.3d at 1360.  Thus, like the fraudulent joinder doctrine, fraudulent misjoinder guards a defendant's statutory right to removal against abusive pleading practices.

The Fifth Circuit has not directly applied the fraudulent-misjoinder doctrine, but it has indicated that it agrees, at least in principle, with the concept of fraudulent misjoinder established by *Tapscott. See In re: Benjamin Moore & Co.,* 309 F.3d 296 (5th Cir.2002) ("... it might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction." *citing Tapscott* ); *In re: Benjamin Moore & Co.,* 318 F.3d 626, 630 (5th Cir.2002) ("... without detracting from the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction, we do not reach its application in this case.").  Further, district courts within the Fifth Circuit, including the Western District of Louisiana, have applied the fraudulent-misjoinder doctrine. *See e.g., Constance v. Austral Oil Exploration Co., Inc.*, No. 12-cv-01253, 2013 WL 495781, *5-6 (W.D.La. Feb. 6, 2013) (finding fraudulent misjoinder of defendants against whom claims for damages arose out of separate tracts of land and where proof of damages, amount of damages, and people/entities found liable were different for each tract of land); *Augustine v. Employers Mut. Cas. Co.*, No. 2:08–cv–1102, 2010 WL 4930317, at * 15-6 (W.D.La. Nov. 30, 2010) (finding fraudulent misjoinder insurer and private adjuster even though all claims against each arose out of damages caused by Hurricane Rita because the claims were distinct, the relief sought was different, and the discovery issues completely separate); and *Frankland v. State Farm Fire & Cas. Co.*, No. 2:07-cv-1767, 2008 WL 4072819, * 4-5 (W.D.La.  Jul. 2, 2010) (finding fraudulent misjoinder of insurer and private adjuster even though all claims against each arose out of damages caused by Hurricane Rita because the legal issues between the claims were distinct, the relief sought was different, and the discovery issues completely separate).

Procedurally, the application of fraudulent-misjoinder doctrine is simple; if a court finds that claims against a non-diverse party has been improperly joined, the improperly joined claims

6

should be severed and remanded to state court allowing the claims against the diverse defendants to proceed in federal court. *See Constance*, 2013 WL 495781 at *7; *Frankland*, 2008 WL 4072819, * 3.

In determining whether there has been a fraudulent or improper misjoinder, the Fifth Circuit has not indicated whether state or federal joinder laws should apply. Although the court in *Tapscott* applied federal procedural law in its analysis, the Western District of Louisiana has consistently held that state joinder rules should govern since the plaintiff was required to follow the state's joinder rules when it initially brought suit. *Constance*, 2013 WL 495781, *5. Therefore, Deere Construction conducts its analysis under Louisiana joinder rules.

The Louisiana Code of Civil Procedure defines "cumulation of actions" as "the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants." La. Code Civ. Proc. art. 461. Article 463 of the Louisiana Code of Civil Procedure provides as follows:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
> (1) There is a community of interest between the parties joined;
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

La.Code Civ. Proc. art. 463. The Louisiana Supreme Court has defined "community of interest" as "the parties' causes of actions (or defenses) 'arising out of the same facts, or presenting the same factual and legal issues.' " *Stevens v. Bd. of Trustees of Police Pension Fund of Shreveport*, 309 So.2d 144, 147 (La. 1975) (*quoting* Official Revision Comment (c), Article 463). A "community of interest is present between different actions or parties where enough factual

overlap is present between the cases to make it commonsensical to litigate them together." *Mauberret–Lavie v. Lavie*, 850 So.2d 1, 2 (La.App. 4 Cir. 2003).

With regard to whether the misjoinder is egregious, in *Tapscott,* the Eleventh Circuit held "fraudulent misjoinder" or "procedural misjoinder" occurs when the disjoined parties and claims are "wholly distinct" and "have no real connection" to each other, such that their joinder is "bordering on a sham." 77 F.3d at 1360 ("A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.' ") (quoting *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)).

Deere Construction asserts that the claims against the Insurance Defendants have been fraudulently misjoined with the claims against the Redhibition Defendants.

**B. There is no community of interest between the Insurance Defendants, including the sole non-diverse defendant, Romero, and the Redhibition Defendants.**

There is no community of interest between Romero and the Redhibition Defendants. The only factual element that the claims against the Insurance Defendants share in common with the claims against the Redhibition Defendants is that the Deere Construction excavator allegedly caught on fire.

To prevail on its claim for redhibitory defect against the Redhibition Defendants, Plaintiff must establish that its alleged damages were caused by a hidden defect and that the defect existed at the time of the sale. *Wilks v. Ramsey Auto Brokers, Inc.*, 48,738 (La. App. 2 Cir. 1/15/14), 132 So. 3d 1009, 1013. The Insurance Defendants do not have any liability for Plaintiff's product claims. The documentary evidence, witness testimony, and arguments of law that will need to be advanced by Plaintiff will focus on the cause of the fire, the condition of the excavator at the time of the sale, and what Plaintiff and the Redhibition Defendants knew about the excavator at

the time of the sale.  With regard to Plaintiff's claims against Redhibition Defendants arising out of any sales agreement or written warranty, which would also be governed by the LPLA, the Insurance Defendants are not parties to the alleged agreements and thus are not parties to such claims and cannot have any liability for such claims.  The Insurance Defendants have nothing of value to offer with regard to Plaintiff's product claims.

On the other hand, to prevail on its claims arising out of Romero and/or Gallagher's failure to procure insurance, Plaintiff must establish (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence to obtain insurance and to notify the client promptly of the absence of coverage; and (3) actions by the agent which warranted the client's assumption that he was insured in the amount of the desired coverage. *Prest v. Louisiana Citizens Prop. Ins. Corp.*, 2012-0513 (La. 12/4/12), 125 So. 3d 1079, 1086 (internal quotations omitted).  The evidence Plaintiff would need to introduce to support its claims against the Insurance Defendants is solely related to its communications with Romero and Gallagher and Romero and Gallagher's communications with Great American and their actions with regard to Plaintiff's Great American insurance policy following those communications.  The Redhibition Defendants are not parties to any insurance contract or agreement to procure insurance relevant to this matter and thus are not parties to such claims and have no liability for such claims.  Accordingly, any claims arising out of such contracts or agreement are "wholly distinct" and "have no real connection" to the product claims asserted against the Redhibition Defendants.

The issues related to the misjoinder argument in *Frankland v. State Farm Fire & Cas. Co.*, *infra*, are analogous to those at issues here.  In *Frankland*, the plaintiff brought claims against defendants related to damage sustained to her home during Hurricane Rita.  The plaintiff

9

asserted claims against her homeowner's insurer for failure to promptly and properly adjust the hurricane damage to her home. The plaintiff also joined to the litigation a separate contract claim against the private adjuster she hired to assist her with the adjustment of her claim. Specifically, the plaintiff sought to challenge the enforceability of that contract. *Frankland*, 2008 WL 4072819, * 1. The court found insufficient community of interest for the defendants to be joined as co-defendants because the legal issues, relief sought, and discovery issues between the two sets of claims were completely separate and distinct. *Id*. at * 5.

In the case *sub judice*, the evidence and legal issues related to the claims against the Insurance Defendants would shed no light whatsoever on Plaintiff's claims against the Redhibition Defendants. Likewise, the evidence and legal issues related to the claims against the Redhibition Defendants would shed no light on Plaintiff's claims against the Insurance Defendants. Accordingly, the discovery needed as to each group of defendants is completely different. Further, any dispositive motions as to one group of defendants would have no bearing on the claims against the other set of defendants. Thus, there would be no benefit to consolidating the distinct and separate product and insurance claims in this matter under one scheduling order.

In sum, there is no community of interest between the Redhibition Defendants and the Insurance Defendants. Accordingly, the two separate and distinct sets of claims should be severed with the Court retaining jurisdiction over Plaintiff's product claims against Deere Construction and Doggett and remanding the claims against the Insurance Defendants.

3.     **Timeliness and Consent for Removal.**

Deere Construction was served with the Petition and citation on August 28, 2105. Deere Construction has 30 days after service to file a notice of removal. 28 U.S.C. § 1446(b)(1).

Deere Construction files this notice of removal on September 25, 2015, within the 30–day period.

As evidence by the attached Consent to Removal, Doggett consents to the removal of this matter.  *See* Consent to Removal, attached hereto as **Exhibit 5**.  Because the Insurance Defendants are not properly joined to the claims against the Redhibition Defendants, Deere Construction is not required to obtain the consent of any of the Insurance Defendants to remove this litigation.  *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

**4. The State Court Pleadings and Papers.**

Under 28 U.S.C. § 1446(a), copies of all papers and pleadings on file with the district court for the Parish of Lafayette, 15th Judicial District, State of Louisiana have been attached hereto as exhibits:

| Date | Document | Exhibit |
| --- | --- | --- |
| 08/14/15 | Plaintiffs' Petition for Damages | 7-A |
| 08/20/15 | Citation issued to Brent A. Romero | 7-B |
| 08/20/15 | Citation issued to Great American Insurance Company of New York | 7-C |
| 08/20/15 | Citation issued to John Deere Construction & Forestry Company | 7-D |
| 08/20/15 | Citation issued to W. L. Doggett, LLC d/b/a Doggett Machinery Services, LLC | 7-E |
| 08/20/15 | Citation issued to Arthur J. Gallagher Risk Management Services, Inc. | 7-F |
| 08/20/15 | Correspondence from Clerk of Court to Charles F. Hardie, VI | 7-G |
| 08/24/15 | Sheriff's Return of Citation issued to Brent A. Romero | 7-H |
| 08/28/15 | Sheriff's Return of Citation issued to Arthur J. Gallagher Risk Management Services, Inc. | 7-I |
| 08/28/15 | Sheriff's Return of Citation issued to W. L. Doggett, LLC d/b/a Doggett Machinery Services, LLC | 7-J |

| Date | Document | Exhibit |
|---|---|---|
| 08/28/15 | Sheriff's Return of Citation issued to John Deere Construction & Forestry Company | 7-K |
| 09/11/15 | John Deere Construction & Forestry Company's *Ex Parte* Motion for Extension of Time | 7-L |
| 09/22/15 | Certification of Records signed by Deborah Duplechin, Deputy Clerk of Court, Lafayette Parish | 7-M |

Contemporaneous with the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d), Deere Construction has provided written notice of this removal to Plaintiff's counsel, and filed a copy of that notice with the clerk of the district court for the Parish of Lafayette, 15th Judicial District, State of Louisiana (Notice of Filing of Notice of Removal, attached as **Exhibit 8**).

5. <u>**Conclusion.**</u>

Defendant, John Deere Construction & Forestry Company, hereby removes this case from the district court for the Parish of Lafayette, 15th Judicial District, State of Louisiana to this federal district court. In light of Plaintiff's improper joinder of the Insurance Defendants, including Romero, this Court has original jurisdiction over the subject matter of the claims asserted against the Redhibition Defendants under 28 U.S.C. § 1332 because this action arises between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, this action is properly removed on diversity jurisdiction because Defendant, John Deere Construction & Forestry Company, is not a citizen of Louisiana, which is the state in which Plaintiffs brought the action. *See* 28 U.S.C. § 1441(b).

Dated: September 25, 2015.

          Respectfully submitted,

          s/ PAUL M. LAVELLE
**PAUL M. LAVELLE (08134)**
COTTEN SCHMIDT & ABBOTT, LLP
650 Poydras Street, Suite 2810
New Orleans, LA  70130
Telephone:  (504) 568-9393
Facsimile:   (504) 524-1933
plavelle@csa-lawfirm.com

**ATTORNEYS FOR DEERE & COMPANY, INC. AND JOHN DEERE CONSTRUCTION & FORESTRY COMPANY**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 25, 2015, I served a true and correct copy of the foregoing on all known counsel of record and / or party by U.S. Mail, certified mail, fax, e-mail, and / or hand delivery as follow:

Le Talley Ho Construction Company
Through its Counsel of Record
Charles F. Hardi, VI
2431 S. Acadian Thruway, Suite 600
Baton Rouge, LA 70808

W. L. Doggett, LLC d/b/a Doggett Machinery Services, LLC
Through its Attorney
M. Brent Hicks, La. Bar Roll 23778
Zelma M. Frederick, La. Bar Roll 31459
McGlinchey Stafford, PLLC
301 Main Street, Fourteenth Floor
Baton Rouge, Louisiana  70801

Brent A. Romero
229 Heyman Boulevard
Lafayette, LA 70503-2413

Great American Insurance Company of New York
Through its Registered Agent
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

Arthur J. Gallagher Risk Management Services, Inc.
Through its Registered Agent
Corporation Service Company
320 Somerlous Street
Baton Rouge, LA 70802-6129

                                 s/ PAUL M. LAVELLE
                                 **PAUL M. LAVELLE**