UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LE TALLEY-HO CONSTRUCTION COMPANY | CIVIL ACTION NO.: 6:15-cv-02420 |
| VERSUS | JUDGE: REBECCA F. DOHERTY |
| JOHN DEERE CONSTRUCTION & FORESTRY COMPANY, W. L. DOGGETT, LLC D/B/A DOGGETT MACHINERY SERVICES, LLC, GREAT AMERICAN INSURANCE GROUP, ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., BRENT ROMERO ANDABC INS. CO. | MAGISTRATE: CAROL B. WHITEHURST |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANSWER AND AFFIRMATIVE DEFENSES TO
PETITION FOR DAMAGES AND COUNTER CLAIM

**NOW INTO COURT** through undersigned counsel comes JOHN DEERE CONSTRUCTION & FORESTRY COMPANY ["**DEERE**"] who for Answer to the Petition for Damages avers as follows:

## ANSWER

I.

The allegations of paragraph 1 of the Petition are denied for lack of sufficient information to justify a belief therein.

II.

The allegations of paragraph 2 of the Petition, solely as they pertain to DEERE are denied as stated. DEERE is a Delaware Corporation with its principal business office in Moline, Illinois.

1

III.

The allegations of paragraph 3 of the Petition call for conclusions of law for which no answer is required. However out of an abundance of caution the allegations are denied.

IV.

The allegations of paragraph 4 of the Petition are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of paragraph 5 of the Petition are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of paragraph 6 of the Petition are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of paragraph 7 of the Petition are not directed to DEERE. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of paragraph 8 of the Petition are not directed to DEERE. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of paragraph 9 of the Petition are not directed to DEERE. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of paragraph 10 of the Petition are not directed to DEERE. However, out of an abundance of caution, the allegations are denied.

XI.

The allegations of paragraph 11 of the Petition are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations of paragraph 12 of the Petition are not directed to DEERE. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of paragraph 13 of the Petition are not directed to DEERE. However, out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations of paragraph 14 of the Petition are not directed to DEERE. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations of paragraph 15 of the Petition are not directed to DEERE. However, out of an abundance of caution, the allegation is denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations of paragraph 16 of the Petition are not directed to DEERE. However, out of an abundance of caution, the allegations are denied for lack of sufficient information to justify a belief therein.

## ANWER TO COUNT 1 – CLAIMS AGAINST DEERE & DOGGETT

XVII.

The allegations of paragraph 17 of the Petition, solely as they pertain to DEERE are denied for lack of sufficient information to justify a belief therein. Further, the allegations call for conclusions of law for which no answer is required.

XVIII.

The allegations of paragraph 18 of the Petition are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations of paragraph 19 of the Petition are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations of paragraph 20 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations of paragraph 21 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations of paragraph 22 of the Petition, solely as they pertain to DEERE, are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations of paragraph 23 of the Petition, solely as they pertain to DEERE, are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations of paragraph 24 of the Petition, solely as they pertain to DEERE, are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations of paragraph 25 of the Petition, solely as they pertain to DEERE, are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations of paragraph 26 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXVII.

The allegations of paragraph 27 of the Petition, solely as they pertain to DEERE, are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations of paragraph 28 of the Petition are denied for lack of sufficient information to justify a belief therein.

**ANSWER TO COUNT 2 – CLAIMS AGAINST ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, BRENT ROMERO, AND ABC INSURANCE COMPANY**

XXIX.

The allegations of paragraph 29 of the Petition, solely as they pertain to DEERE, are denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations of paragraph 30 of the Petition, solely as they pertain to DEERE, are denied for lack of sufficient information to justify a belief therein.

XXXI.

The allegations of paragraph 31 of the Petition are not directed to DEERE. However, out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

XXXII.

The allegations of paragraph 32 of the Petition are not directed to DEERE. However, out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

XXXIII.

The allegations of paragraph 33 of the Petition are not directed to DEERE. However, out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

XXXIV.

The allegations of paragraph 34 of the Petition are not directed to DEERE. However, out of an abundance of caution are denied for lack of sufficient information to justify a belief therein

XXXV.

The allegations of paragraph 35 of the Petition are not directed to DEERE. However, out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations of paragraph 36 of the Petition, solely as they pertain to DEERE, are denied for lack of sufficient information to justify a belief therein.

XXXVII.

The allegations of paragraph 37 of the Petition are not directed to DEERE. However, out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

## ANSWER TO COUNT 3 – CLAIMS AGAINST GREAT AMERICAN

### XXXVIII.

The allegations of paragraph 38 of the Petition are not directed to DEERE. However, out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

### XXXIX.

The allegations of paragraph 39 of the Petition are not directed to DEERE. However, out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

### XL.

The allegations of paragraph 40 of the Petition are not directed to DEERE. However, out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

### XLI.

The allegations of paragraph 41 of the Petition are not directed to DEERE. However, out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

### XLII.

The allegations of paragraph 42 of the Petition, solely as they pertain to DEERE are denied for lack of sufficient information to justify a belief therein.

### XLIII.

The allegations of paragraph 43 of the Petition are denied.

### XLIV.

The allegations of paragraph 44 of the Petition are denied.

### XLV.

The allegations of paragraph 45 of the Petition are denied.

XLVI.

The allegations of paragraph 46 are not directed to DEERE. However, out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

## AFFIRMATIVE DEFENSES

And now, pleading further, DEERE asserts the following affirmative defenses to Plaintiff's claims.

XLVII.

## FIRST AFFIRMATIVE DEFENSE

### (Prescription)

The claims of Plaintiff in the Petition are barred by the doctrine of laches and/or the applicable Louisiana law of prescription.

XLVIII.

## SECOND AFFIRMATIVE DEFENSE

### (Prior Breach of Contract)

In the alternative, DEERE is excused from performance of any obligation under the agreements between the parties because of the prior breach by the Plaintiff.

XLIV.

## THIRD AFFIRMATIVE DEFENSE

### (Mitigation and Damages)

Plaintiff has an obligation at law to mitigate its damages and having failed to do so, and as a result thereof having vastly increased its damages, may not now seek to recover from DEERE any damages occurring as a result of its failure to mitigate.

XLV.

## FOURTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff)

Without admitting any liability, or that Plaintiff has suffered or will suffer any loss, damage or injury, DEERE alleges, in the alternative, that any loss, damage or injury which Plaintiff has suffered or will suffer, as alleged in the Petition or otherwise, is the direct result of the negligence or intentional conduct or other acts or omissions of Plaintiff. Thus, Plaintiff's recovery of damages is barred, or at a minimum, must be reduced proportionately pursuant to the doctrine of comparative fault.

XLVI.

## FIFTH AFFIRMATIVE DEFENSE

### (Fault of Third Parties)

Without admitting any liability, or that Plaintiff suffered or will suffer any loss, damage or injury, DEERE alleges, in the alternative, that any loss damage or injury which Plaintiff suffered or will suffer, as alleged in the Petition or otherwise, is the direct and proximate result of the unforeseen and unforeseeable negligent acts or omissions of an intervening third party or parties, or other acts or omission for which such party or parties may be liable, and that such acts or omissions completely bar, or significantly reduce any recovery against DEERE.

XLVII.

## SIXTH AFFIRMATIVE DEFENSE

### (Force Majeure)

Without admitting any liability, or that Plaintiff suffered or will suffer any loss, damage or injury, DEERE alleges, in the alternative, that any loss damage or injury which Plaintiff suffered or will suffer, as

alleged in the Petition or otherwise, is the direct and proximate result of the unforeseen forces of the elements of nature and not the result of a product defect.

XLVIII.

### SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff's alleged injuries and damages were caused by the fault, negligence and carelessness of Plaintiff and/or others for whom DEERE is not responsible and defendant asks that the Trier of fact apportion that fault among the responsible parties, finding DEERE free from fault pursuant to LA Civil Code Article 2323.

XLIX.

### EIGHTH AFFIRMATIVE DEFENSE

### (Extinguishment of the Obligation)

The claims of plaintiff, which are specifically denied by Deere, are in the alternative, extinguished by setoff.

**AND NOW, ASSUMING THE POSITION OF COUNTER CLAIMANT,** JOHN DEERE CONSTRUCTION & FORESTRY COMPANY [**"DEERE"**], respectfully represents:

### COUNTER CLAIM

L.

Made defendants in the counterclaim are Le Talley-Ho Construction Company and Patrick C. Talley.

LI.

On or about October 10, 2013, Le Talley-Ho Construction Company purchased a new John Deere 225D Excavator.

LII.

In connection with that purchase, both Le Talley-Ho Construction Company and Patrick C. Talley, individually, as Co-Borrowers entered into a loan contract with Deere.

LIII.

Under the terms and conditions of that agreement, both Le Talley-Ho Construction Company and Patrick C. Talley, individually, are jointly and severally liable for all of the obligations of the loan contract.

LIV.

Both Le Talley-Ho Construction Company and Patrick C. Talley, individually are in default of that loan contract.

LV.

As of the time of filing of this counterclaim, both Le Talley-Ho Construction Company and Patrick C. Talley, individually, owe Deere in excess of $ 158,000.00 plus interest and late fees, which continue to accrue with time.

LVI.

Therefore, Deere is entitled to be awarded the amounts due and owing pursuant to the loan contract, together with interest and late charges as provided under the terms and conditions of the loan contract.

LVII.

Further, pursuant to the terms and conditions of the loan agreement, both Le Talley-Ho Construction Company and Patrick C. Talley, individually, are required to reimburse and indemnify Deere for all losses, claims, damages and expenses of any kind or nature whatsoever, incurred in connection with the Equipment or the Loan Contract and/or the enforcement of remedies under the loan contract, including attorneys fees and court costs.

LVIII.

## RESERVATION

DEERE specifically reserves the right to file additional amended and/or supplemental Answers, Third-Party Complaints, Counterclaims and/or Cross-Claims, additional affirmative defenses and/or other matters constituting avoidance such as the facts of this matter may later disclose and require.

LVIV.

## PRAYER

Wherefore, Premises Considered, DEERE respectfully requests that: Plaintiff's claims against John Deere Construction & Forestry Company be dismissed with prejudice and that Plaintiff take nothing from this Defendant and that Judgment, including attorney's fees and costs, be entered in its favor and against Plaintiff and for such other and further relief at either law or equity to which Deere may be justly entitled; and further prays for trial by jury.

Deere further prays that judgment be entered against both Le Talley-Ho Construction Company and Patrick C. Talley, individually, on Deere's Counterclaim for all amounts due and owing under the Loan Contract together with interest, late charges, attorney fees and court costs.

Respectfully submitted,
**COTTEN SCHMIDT & ABBOTT, L.L.P**

/S/ PAUL M. LAVELLE
**PAUL M. LAVELLE   (08134)**
650 Poydras Street, Suite 2810
New Orleans, LA  70130
Telephone:  504/568-9393
Facsimile:  504/524-1933
plavelle@csa-lawfirm.com

RICHARD M. SIMSES (12306)
COTTEN SCHMIDT & ABBOTT, L.L.P.
2002 Timberloch Place, Suite 200
The Woodlands, TX  77380

Telephone: 281/296-5892
rsimses@csa-lawfirm.com

**ATTORNEYS FOR JOHN DEERE
CONSTRUCTION & FORESTRY COMPANY**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing pleading has been filed via the ECF-CM system and served on all known counsel of record this 2nd day of October, 2015.

                                          **/s/ PAUL M. LAVELLE (08134)**
                                          **PAUL M. LAVELLE**