UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LE TALLEY-HO CONSTRUCTION COMPANY** | **CIVIL ACTION NO. 6:15-cv-02420** |
| **v.** | |
| **JOHN DEERE CONSTRUCTION & FORESTRY COMPANY, W.L. DOGGETT MACHINERY SERVICES, LLC, GREAT AMERICAN INSURANCE GROUP, ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., BRENT ROMERO, AND ABC INSURANCE COMPANY** | **JUDGE REBECCA F. DOHERTY** |
| | **MAG. JUDGE CAROL B. WHITEHURST** |

## W.L. DOGGETT, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND THIRD PARTY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes defendant W.L. Doggett, LLC d/b/a Doggett Machinery Services, LLC ("Doggett") who respectfully submit this Answer and Affirmative Defenses in response to the Petitioner Le Talley-Ho Construction Company's Petition for Damages, denying each and every allegation in plaintiff's Petition, except for those allegations that may be hereinafter admitted, explained or modified, and by additionally asserting various affirmative defenses below.  As such, Doggett respectfully responds to the Petition for Damages as follows:

1.

No response is required of Doggett to the allegations contained in Paragraph 1.  However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

1

2.

The allegations contained in Paragraph 2, solely as they pertain to Doggett, are denied as stated.  Doggett is a Texas limited liability company authorized to do and doing business in Louisiana.  To the extent a response is required as to the remaining allegations of Paragraph 2, the allegations are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 are denied as they call for a legal conclusion.

4.

The allegations contained in Paragraph 4 are admitted.

5.

The allegations contained in Paragraph 5 are denied.

6.

The allegations contained in Paragraph 6 are denied to the extent they pertain to Doggett. Further answering, Doggett did not provide any warranty to Plaintiff.

7.

The allegations contained in Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

Doggett admits that it sold the Excavator to petitioner.  The remaining allegations of Paragraph 17, as they pertain to Doggett, are denied for lack of sufficient information to justify a belief therein.  Further answering, to the extent the allegations of Paragraph 17 call for a legal conclusion, those allegations are denied.

18.

The allegations contained in Paragraph 18 are denied to the extent that they pertain to Doggett. Further answering, Doggett did not provide a warranty to Plaintiff.

19.

The allegations contained in Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 are denied as written.

23.

The allegations contained in Paragraph 23 are denied.

24.

The allegations contained in Paragraph 24 are denied.

25.

The allegations contained in Paragraph 25 are denied.

26.

The allegations contained in Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph 28 are denied.

29.

The allegations contained in Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

No response is required of Doggett to the allegations contained in Paragraph 31. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 31 are denied for lack of sufficient information to justify a belief therein..

32.

No response is required of Doggett to the allegations contained in Paragraph 32. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

No response is required of Doggett to the allegations contained in Paragraph 33. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

No response is required of Doggett to the allegations contained in Paragraph 34. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

No response is required of Doggett to the allegations contained in Paragraph 35. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36.

No response is required of Doggett to the allegations contained in Paragraph 36. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

37.

No response is required of Doggett to the allegations contained in Paragraph 37. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.

No response is required of Doggett to the allegations contained in Paragraph 38. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 38 are denied for lack of sufficient information to justify a belief therein..

39.

No response is required of Doggett to the allegations contained in Paragraph 39. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 39 are denied for lack of sufficient information to justify a belief therein..

40.

No response is required of Doggett to the allegations contained in Paragraph 40. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41.

No response is required of Doggett to the allegations contained in Paragraph 41. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 41 are denied for lack of sufficient information to justify a belief therein..

42.

No response is required of Doggett to the allegations contained in Paragraph 42. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 42 are denied for lack of sufficient information to justify a belief therein.

43.

The allegations contained in Paragraph 43 are denied.

44.

The allegations contained in Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations contained in Paragraph 45 are denied.

46.

No response is required of Doggett to the allegations contained in Paragraph 46. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 46 are denied.

47.

The allegations contained in the paragraph beginning "**WHEREFORE**" are denied.

**AND NOW**, in further response to plaintiff's claims and demands, Doggett asserts the following affirmative defenses:

## <u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff has neither alleged nor sustained any actual damage (the existence of which is denied) which was caused by Doggett.

## SECOND AFFIRMATIVE DEFENSE

Any damage that Plaintiff may have incurred (the existence of which is denied) is the result of acts or omissions of parties other than Doggett and for which Doggett is not responsible.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages and is unable to seek from Doggett any damages occurring as a result of plaintiff's failure to mitigate.

## FOURTH AFFIRMATIVE DEFENSE

Any damage that Plaintiff may have incurred (the existence of which is denied) is the result of the unforeseen forces of the elements of nature and not the result of a product defect.

## FIFTH AFFIRMATIVE DEFENSE

Any damage that Plaintiff may have incurred (the existence of which is denied) were caused by the fault, negligence and carelessness of Plaintiff and/or others for whom Doggett is not responsible. Doggett asks that the trier of fact apportion that fault among the responsible parties, finding Doggett free from fault pursuant to La. C.C. article 2323.

## SIXTH AFFIRMATIVE DEFENSE

Doggett reserves the right to assert any additional affirmative defenses and any reconventional demands, cross claims and/or third party demands which it may discover during the course of additional investigation and discovery.

**WHEREFORE**, W.L. Doggett, LLC d/b/a Doggett Machinery Services, LLC prays that this answer be deemed good and sufficient and after due proceedings are had that judgment be entered in its favor and against Le Talley-Ho Construction Company, dismissing the petition for damages with prejudice at Plaintiff's cost; awarding attorneys' fees and court costs; and, granting such additional relief as appropriate.

## THIRD PARTY DEMAND FOR DAMAGES

**AND NOW**, through undersigned counsel, comes W.L. Doggett, LLC d/b/a Doggett Machinery Services, LLC ("Doggett") as third party plaintiff, who files this Third Party Demand as follows:

1.

Made third party defendant is John Deer Construction & Forestry Company ("Deere"), a Delaware Corporation with its principal business office in Moline, Illinois.

2.

In the Original Petition for Damages, Plaintiff Le Talley-Ho Construction Company contends that while its employee was operating a 225D excavator, the engine malfunctioned and shut down, and flames began to emerge from the engine compartment, resulting in a total loss of the excavator.

3.

The 225D Excavator at issue in this lawsuit was manufactured, designed, assembled, sold, serviced, distributed and warranted by Deere.

4.

Plaintiff filed the Original Petition herein alleging various theories of liability against Deere and Doggett, including defects in redhibition, breach of contract, breach of express and implied warranties, negligence and all other damages available under Louisiana law. Plaintiff asserts that the alleged product failed because of a redhibitory defect which rendered the excavator totally useless.

5.

Doggett denied that it manufactured the excavator in question and generally denies any and all liability whatsoever to plaintiff as a result of the incident made the subject of this lawsuit.

6.

In the event Plaintiff is successful in proving the defective nature of the excavator, which is at all times denied, then in that event, Doggett shows that liability may exist on the part of Deere, the manufacturer of the excavator.

7.

If Plaintiff is successful in establishing liability on the part of Doggett for the incident at issue in this lawsuit, which is denied, then pursuant to La. R.S. 51:483.1, Doggett is entitled to full indemnity against Deere, for any and all amounts which it may be cast in judgment to plaintiff.

8.

Alternatively, if the Plaintiff is successful in establishing liability on the part of Doggett for the incident at issue in this lawsuit, which is denied, then pursuant to La. C.C. art. 2531, Doggett is entitled to full indemnity against Deere, for any and all amounts which it may be cast in judgment to the plaintiff as any defect in the excavator, the existence of which is denied, existed at the time the excavator was delivered to Doggett.

9.

Alternatively, if the Plaintiff is successful in establishing liability on the part of Doggett for the incident at issue in this lawsuit, which is denied, then, Doggett is entitled to a reduction of any and all liability assessed against Doggett and in favor of the plaintiff to the extent of legal fault and/or liability established on the part of others including but not limited to Deere.

**WHEREFORE**, W. L. Doggett, LLC d/b/a Doggett Machinery Services, LLC prays that after due proceedings are had there be judgment in favor of W. L. Doggett, LLC d/b/a Doggett Machinery Services, LLC and against third party defendant, John Deere Construction & Forestry

11

Company, for any and all damages assessed against W. L. Doggett, LLC d/b/a Doggett Machinery Services, LLC, plus reasonable attorney fees and all costs of these proceedings.

**McGlinchey Stafford PLLC**

*/M. Brent Hicks*
M. Brent Hicks, La Bar Roll #23778
Zelma M. Frederick, La Bar Roll #31459
301 Main Street, Fourteenth Floor
Baton Rouge, Louisiana  70801
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076
Email:  bhicks@mcglinchey.com
        zfrederick@mcglinchey.com

*Attorneys for Defendant W.L. Doggett Machinery Services, LLC*

## CERTIFICATE OF SERVICE

I certify that on October 14, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document by first-class mail to all counsel of record and unrepresented parties who are non-CM/ECF participants.

*/s/M. Brent Hicks*
M. Brent Hicks