UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LE TALLEY-HO CONSTRUCTION COMPANY | CIVIL ACTION NO.: 6:15-cv-02420 |
| VERSUS | JUDGE: REBECCA F. DOHERTY |
| JOHN DEERE CONSTRUCTION & FORESTRY COMPANY, W.L. DOGGETT, LLC D/B/A DOGGETT MACHINERY SERVICES, LLC, GREAT AMERICAN INSURANCE GROUP, ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., BRENT ROMERO AND ABC INS. CO. | MAGISTRATE: CAROL B. WHITEHURST |

## GREAT AMERICAN'S ANSWER TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Great American Insurance Company of New York ("Great American"), named defendant herein, which in response to the Petition for Damages of plaintiff Le Talley-Ho Construction Company ("Talley-Ho" or "Plaintiff") answers as follows:

I.

In response to the individual allegations in the Petition for Damages, Great American answers as follows:

1.

The allegations in Paragraph 1 of the Petition for Damages contain conclusory statements regarding the status of Plaintiff Talley-Ho, which do not require a response by Great American. To the extent a response is required, Great American asserts that any corporate documents creating or modifying Plaintiff Talley-Ho as a legal entity are

the best evidence of same, including its status as a Louisiana corporation and its domicile in St. Martinville, Louisiana.

2.

The allegations in Paragraph 2 of the Petition for Damages which are directed to defendants John Deere Construction & Forestry Company ("Deere"), W.L. Doggett, LLC D/B/A Doggett Machinery Services, LLC ("Doggett"), Arthur J. Gallagher Risk Management Services, Inc. ("Gallagher"), Brent A. Romero ("Romero") and ABC Insurance Company ("ABC") contain conclusory statements regarding the status of said parties, which do not require a response by Great American.  To the extent a response is required, Great American asserts that any corporate documents creating or modifying Deere, Doggett, Gallagher, and ABC are the best evidence of same, including their status as domestic and/or foreign corporations and their domiciles.

The allegations in Paragraph 2 of the Petition for Damages which are directed to Great American are admitted as to its legal status as an Ohio corporation domiciled in New York, New York, and licensed to do and doing business in the State of Louisiana.

3.

The allegations in Paragraph 3 of the Petition for Damages regarding venue contain legal conclusions to which Great American is not required to respond.  Out of an abundance of caution, Great American avers that the Louisiana Code of Civil Procedure articles pertaining to venue of claims set forth the limitations and applicability of this court's venue.

4.

The allegations in Paragraph 4 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

5.

The allegations in Paragraph 5 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

6.

The allegations in Paragraph 6 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

7.

The allegations in Paragraph 7 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

8.

The allegations in Paragraph 8 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

9.

The allegations in Paragraph 9 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

10.

The allegations in Paragraph 10 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

11.

The allegations in Paragraph 11 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

12.

The allegations in Paragraph 12 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

13.

The allegations in Paragraph 13 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

14.

The allegations in Paragraph 14 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

15.

In response to the allegations in Paragraph 15 of the Petition for Damages, Great American admits that it hired an appraiser to view an excavator allegedly owned by Talley-Ho and which allegedly suffered fire damages on or about August 15, 2014. Great American further admits that its appraiser issued a report declaring the excavator at issue a total loss. Great American otherwise denies the allegations in Paragraph 15 of the Petition for Damages, and specifically denies the impact or effect of any such appraisal actions by Great American as to any alleged insurance coverage by Great American to Plaintiff Talley-Ho or the excavator at issue.

16.

In response to the allegations in Paragraph 16 of the Petition for Damages, Great American admits that it issued correspondence dated September 19, 2014, to Talley-Ho, denying Talley-Ho's claim for payment of damages to the excavator at issue. Great American avers that the contents of such correspondence are the best evidence of

same, and Great American adopts herein in full all terms and conditions of any correspondence by and between Great American and Plaintiff Talley-Ho.

17.

The allegations in Paragraph 17 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 17 pending further investigation and discovery in this lawsuit.

18.

The allegations in Paragraph 18 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 17 pending further investigation and discovery in this lawsuit.

19.

The allegations in Paragraph 19 of the Petition for Damages are denied for lack of sufficient information to justify a belief herein.

20.

The allegations in Paragraph 20 of the Petition for Damages are denied for lack of sufficient information to justify a belief herein.

21.

The allegations in Paragraph 21 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 21 pending further investigation and discovery in this lawsuit.

22.

The allegations in Paragraph 22 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required.  To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 22 pending further investigation and discovery in this lawsuit.

23.

The allegations in Paragraph 23 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required.  To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 23 pending further investigation and discovery in this lawsuit.

24.

The allegations in Paragraph 24 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required.  To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 24 pending further investigation and discovery in this lawsuit.

25.

The allegations in Paragraph 26 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required.  To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 26 pending further investigation and discovery in this lawsuit.

26.

The allegations in Paragraph 26 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required.  To the extent a

response is required, then Great American neither denies nor admits the allegations of Paragraph 26 pending further investigation and discovery in this lawsuit.

27.

The allegations in Paragraph 27 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 27 pending further investigation and discovery in this lawsuit.

28.

The allegations in Paragraph 28 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 28 pending further investigation and discovery in this lawsuit.

29.

The allegations in Paragraph 29 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 29 pending further investigation and discovery in this lawsuit.

30.

The allegations in Paragraph 30 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 30 pending further investigation and discovery in this lawsuit.

31.

The allegations in Paragraph 31 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 31 pending further investigation and discovery in this lawsuit.

32.

The allegations in Paragraph 32 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 32 pending further investigation and discovery in this lawsuit.

33.

The allegations in Paragraph 33 of the Petition for Damages contain legal assertions against a defendant other than Great American, and for which Great American is not obligated to respond. To the extent a response is required, Great American avers that any duties which Gallagher and/or Romero owed Plaintiff Talley-Ho are governed by the applicable law, including the laws of the State of Louisiana.

34.

The allegations in Paragraph 34 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 34 pending further investigation and discovery in this lawsuit.

35.

The allegations in Paragraph 35 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 35 pending further investigation and discovery in this lawsuit.

36.

The allegations in Paragraph 36 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 36 pending further investigation and discovery in this lawsuit.

37.

The allegations in Paragraph 37 of the Petition for Damages are not directed to defendant Great American, and therefore no response is required. To the extent a response is required, then Great American neither denies nor admits the allegations of Paragraph 37 pending further investigation and discovery in this lawsuit.

38.

The allegations in Paragraph 38 of the Petition for Damages are denied to the extent that Plaintiff Talley-Ho asserts that Great American provides coverage to Talley-Ho for the damages asserted herein. Great American admits that it issued one or more policies of insurance to Talley-Ho, but Great American asserts that the terms, contents, conditions, limitations and exclusions of such policy(ies) are the best evidence of same, and Great American pleads same herein in full.

39.

The allegations in Paragraph 39 of the Petition for Damages are denied as asserted. Great American admits that it received notice of a claim made by Plaintiff Talley-Ho following the fire to the excavator at issue, but upon information and belief, said claim came from Talley-Ho's agent, not Talley-Ho itself.

40.

The allegations in Paragraph 40 of the Petition for Damages are denied.

41.

The allegations in Paragraph 41 of the Petition for Damages are denied.

42.

The allegations in Paragraph 42 of the Petition for Damages are denied.

43.

The allegations in Paragraph 43 of the Petition for Damages are denied as to defendant Great American.

44.

The allegations in Paragraph 44 of the Petition for Damages are denied as to defendant Great American.

45.

The allegations in Paragraph 45 of the Petition for Damages are denied as to defendant Great American.

46.

The allegations in Paragraph 46 of the Petition for Damages contain a legal prayer for trial by jury, to which no response is required by Great American.

IV.

AND FURTHER ANSWERING the Petition for Damages, Great American avers that any policy or polices of insurance which it issued to Talley-Ho contain specific terms, contents, conditions and limitations, which are the best evidence of same and pled herein in full.

In particular, Great American avers that the policy of insurance which Talley-Ho alleges is applicable and provides coverage to Talley-Ho for the damages sought herein contains, *inter alia*, the following:

- Contractor's Equipment Scheduled Coverage Form CM 76 45 (Ed. 10 05);

- Contractor's Equipment Declarations Scheduled Coverage Form CM 76 44 (Ed. 10 05);

- Contractor's Equipment, Equipment Leased or Rented From Others Coverage Endorsement Form CM 76 56 (Ed. 06 10).

Under the above coverage form, declarations schedule form and coverage endorsement form, "Covered Property" includes only that contractor's equipment owed by Talley-Ho and described in the Declarations Schedule of Covered Property. The Deere 225D excavator which was alleged destroyed by fire on or about August 15, 2014, was not listed on the schedule of covered Property under the applicable schedule on file with Great American. Great American further avers that at no point prior to the alleged fire incident of August 15, 2014, did Talley-Ho, Gallagher, Romero or any other individual or entity request that Great American add the subject Deere 225D excavator to the list of scheduled, covered property to be insured under Great American's Policy.

Accordingly, Great American provides no coverage to Talley-Ho for the damages sued upon herein, nor does Great American provide any coverage to the Deere 225D excavator allegedly destroyed by fire on or about August 15, 2014.

## II. FIRST AFFIRMATIVE DEFENSE

The Petition for Damages fails to state a right or cause of action upon which relief may be granted.

## III. SECOND AFFIRMATIVE DEFENSE

The claims sued upon in the Petition for Damages have prescribed.

## IV. THIRD AFFIRMATIVE DEFENSE

Further, and without admitting any liability, Great American avers that, to the extent Talley-Ho suffered any damages, which is denied, it was through the fault or neglect of third parties for whom defendant Great American is not responsible and over whom Great American has no control. This includes, but is not limited to, named defendants herein Gallagher and Romero. Great American reserves the right to plead the fault of any such third parties at trial of this matter, in accordance with Louisiana law.

## V. JURY DEMAND

Great American is entitled to and herewith prays for trial by jury on all issues.

WHEREFORE, defendant Great American Insurance Company of New York prays that this, its answer to the Petition for Damages of plaintiff Le Talley-Ho Construction Company be deemed good and sufficient, that after due proceedings, there be judgment herein in favor of Great American Insurance Company of New York, dismissing with prejudice all claims of Le Talley-Ho Construction Company against it,

together with all costs and expenses associated with these proceeding and all general and equitable relief.

                                      Respectfully Submitted,

                                      */s/ Robert J. Young, III*
                                      **ROBERT J. YOUNG, III (#19230)**
                                      **YOUNG, RICHAUD & MYERS, LLC**
                                      Two Lakeway Center, Suite 1830
                                      3850 N. Causeway Blvd.
                                      Metairie, LA   70002
                                      Telephone: (504) 799-3500
                                      Facsimile: (504) 799-3515

                                      **COUNSEL FOR GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been forwarded to opposing counsel of record via this Court's ECF system or by U.S. Mail or by facsimile, this 9th day of November, 2015.

                                        */s/ Robert J. Young, III*
                                      **ROBERT J. YOUNG, III**