UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LE TALLEY-HO CONSTRUCTION      CIVIL ACTION NO.: 6:15-CV-02420
COMPANY

VERSUS      JUDGE REBECCA F. DOHERTY

JOHN DEERE CONSTRUCTION
& FORESTRY COMPANY, W. L.
DOGGETT, LLC D/B/A      MAGISTRATE JUDGE
DOGGETT MACHINERY SERVICES, LLC,      CAROL B. WHITEHURST
GREAT AMERICAN INSURANCE GROUP,
ARTHUR J. GALLAGHER RISK MANAGEMENT
SERVICES, INC., BRENT ROMERO
AND ABC INSURANCE COMPANY

### DEFENDANT JOHN DEERE CONSTRUCTION & FORESTRY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

### TABLE OF CONTENTS

I.      REMAND AND REMOVAL. ........................................................................................... 3

II.      PLAINTIFF'S MOTION TO REMAND IS UNTIMELY. ...................................................... 5

III.      FRAUDULENT MISJOINDER HAS BEEN RECOGNIZED BY THIS DISTRICT AND ACKNOWLEDGED BY THE FIFTH CIRCUIT.................................................................. 8

IV.      PLAINTIFF'S JOINDER OF ITS ACTIONS AGAINST THE REDHIBITION DEFENDANTS WITH ITS ACTIONS AGAINST THE INSURANCE DEFENDANTS IS IMPROPER. .............................................................................................................. 11

V.      CONCLUSION. ........................................................................................................... 18

### TABLE OF AUTHORITIES

**Cases**

*Akshar 6, L.L.C. v. Travelers Cas. & Sur. Co. of American,* CA No. 09-1942, 2010 WL 3025018 (W.D.La. Jul. 29, 2010)........................................................................................... 10, 15

*Augustine v. Employers Mut. Cas. Co.,* No. 2:08–cv–1102, 2010 WL 4930317 (W.D.La. Nov. 30, 2010)............................................................................................................................. 9

*Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1544 (5th Cir. 1991) ................................................ 6

*Constance v. Austral Oil Exploration Co., Inc.*, No. 12-cv-01253, 2013 WL 495781 (W.D.La. Feb. 6, 2013).................................................................................................................... 9, 11

*Creadeur v. Atlantic Richfield Co.*, Ca. No. 14–cv–00695, 2014 WL 2999261 (W.D.La.7/3/2014) ........................................................................................................................................ 10

*Formosa v. Lowe's Home Centers, Inc.*, 806 F. Supp. 2d 1181, 1192 (N.D. Ala. Aug. 15, 2011)................................................................................................................... 6, 7

*Frankland v. State Farm Fire & Cas. Co.*, No. 2:07-cv-1767, 2008 WL 4072819 (W.D.La. Jul. 2, 2010).................................................................................................................... 9, 11

*Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008)................................................................ 4

*Hower v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001)...................................................... 3

*In re Benjamin Moore & Co.,* 309 F.3d 296 (5th Cir. 2002)...................................................... 8, 9

*In re Benjamin Moore & Co.,* 318 F.3d 626, 630 (5th Cir. 2002)............................................ 9, 10

*In re Shell Oil Company,* 932 F.2d 1518, 1522-3, (5th Cir. 1991)................................................. 7

*Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).................................................. 4

*Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) .......................................................................................................................................... 3

*Lindquist v. J & J Exterminating, Inc.*, CA No. 07-1994, 2008 WL 1968339 (W.D.La. May 5, 2008)....................................................................................................................................... 9

*Mauberret–Lavie v. Lavie*, 850 So.2d 1 (La.App. 4 Cir. 2003).................................................. 12

*Ngo v. Essex Insurance Co.*, CA No. 07-7643, 2008 WL 4544352 (E.D.La. Oct. 9, 2008) ........ 14

*Prest v. Louisiana Citizens Prop. Ins. Corp.*, 2012-0513 (La. 12/4/12), 125 So. 3d 1079........... 13

*Richardson Carbon & Gasoline Co. v. Interenergy Res.,* 99 F.3d 746, 751 (5th Cir. 1996) ......... 4

*Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007)....................................................................... 3, 4

*Smallwood v. Illinois Cent. R .R. Co.,* 385 F.3d 568 (5th Cir. 2004) (*en banc* ), *cert. denied by, Illinois Cent. R. Co. v. Smallwood,* 544 U.S. 992, 125 S.Ct. 1825 (2005)................................. 4

*Smith v. Nationwide Mut. Ins. Co.*, 286 F.Supp.2d 777 (S.D.Miss. 9/29/2003)........................... 16

*Stevens v. Bd. of Trustees of Police Pension Fund of Shreveport*, 309 So.2d 144 (La. 1975) ..... 11

*Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000) .......................................... 8, 17

*Wilks v. Ramsey Auto Brokers, Inc.*, 48,738 (La. App. 2 Cir. 1/15/14), 132 So. 3d 1009............ 12

*Zeber v. E. L. Cretin, L.L.C.*, CA. No. 10-89-BAJ-DLD, 2010 WL 5856063 (M.D. La. Nov. 30, 2010)................................................................................................................................. 10, 14

## Statutes

28 U.S.C. § 1332.................................................................................................................. 18

28 U.S .C. § 1441(a) ............................................................................................................ 3

28 U.S.C. § 1441(b)........................................................................................................... 18

28 U.S.C. § 1441(b)(2) ................................................................................................... 5,6, 7

28 U.S.C. § 1446(a) ............................................................................................................ 3

28 U.S.C. § 1447(c) ...................................................................................................... 4, 5, 6

**Rules**

FED. R. CIV. PROC. 21 ..................................................................................................... 8

LA. CODE CIV. PROC. art. 461 ........................................................................................ 11

LA. CODE CIV. PROC. art. 463 ........................................................................................ 11

**Other Authorities**

14B Wright, Miller & Cooper, *Federal Practice & Procedure,* § 3641 ........................................ 4

## ARGUMENT

**NOW INTO COURT**, through undersigned counsel, comes John Deere Construction & Forestry Company ("Deere Construction"), a defendant in this matter, which respectfully submits this Opposition to Plaintiff's Motion to Remand, stating as follows:

## I.   REMAND AND REMOVAL.

Federal courts are courts of limited jurisdiction. *Hower v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing the jurisdiction of a federal court rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted).

A defendant can remove to federal court any civil action that could have been originally brought in federal court. *See* 28 U.S.C. § 1441(a). In order to remove an action from state court, a defendant must file notice of removal and all defendants who have been properly joined and served must join in that removal "no later than thirty days from the day on which the first defendant was served." 28 U.S.C. § 1446(a); *Getty Oil Corp. v. Insurance Company of North America,* 841 F.2d 1254, 1262–63 (5th Cir. 1988).

There are exceptions to the "Rule of Unanimity." The most often relied-upon exception to the requirement of unanimity is that a "... removing party need not obtain the consent of a co-

3

defendant that the removing party contends is improperly joined." *Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007). Application of the unanimity rule to improperly or fraudulently joined defendants "would be nonsensical." *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993). In order to establish improper or fraudulent joinder of a co-defendant, the removing defendant must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R .R. Co.,* 385 F.3d 568 (5th Cir. 2004) (*en banc* ), *cert. denied by, Illinois Cent. R. Co. v. Smallwood,* 544 U.S. 992, 125 S.Ct. 1825 (2005) (citing *Travis v. Irby,* 326 F.3d 644 (5th Cir.2003)). A third category of improper joinder is commonly referred to as "fraudulent misjoinder" or "egregious misjoinder," which is discussed in Section III below.

These exceptions exist to prevent defendant's statutory right of removal from being defeated by a plaintiff's nefarious pleading actions. "Federal Courts should not sanction devices intended to prevent the removal to a Federal court where one has that right and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." 14B Wright, Miller & Cooper, *Federal Practice & Procedure,* § 3641 (quotations and citations omitted).

If all procedural requirements are not met, the plaintiff may move for remand within thirty days of removal. 28 U.S.C. § 1447(c). Any doubt as to the propriety of removal must be resolved in favor of a remand and it is the removing defendant's burden to establish that removal was proper. *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008); *Richardson Carbon & Gasoline Co. v. Interenergy Res.,* 99 F.3d 746, 751 (5th Cir. 1996).

For the reasons below, Plaintiff's Motion to Remand should be denied.

## II.    PLAINTIFF'S MOTION TO REMAND IS UNTIMELY.

On September 25, 2015, Deere Construction removed this litigation from the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, to this Court on the basis that the Court has diversity jurisdiction over Plaintiff's action against it and W. L. Doggett, LLC, D/B/A Doggett Machinery Services, LLC (collectively referred to as the "Redhibition Defendants"). In support of removal, Deere Construction argued that Plaintiff had fraudulently misjoined its causes of action against the Redhibition Defendants with its causes of action against Great American Insurance Company of New York ("Great American"), Arthur J. Gallagher Risk Management Services, Inc. ("Gallagher"), Brent A. Romero ("Romero"), and ABC Insurance Company (collectively referred to as the "Insurance Defendants") to destroy this Court's diversity jurisdiction over the actions brought against the Redhibition Defendants.

On October 28, 2015, more than 30 days after Deere Construction removed this matter, Plaintiff filed its Motion to Remand. To the extent it seeks remand of its action against the Redhibition Defendants, Plaintiff's Motion to Remand is untimely under 28 U.S.C. § 1447(c), which provides in pertinent part that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Although Plaintiff has crafted its Opposition as an attack on this Court's subject matter jurisdiction, jurisdiction is not the "defect" in removal that Plaintiff is challenges.

Plaintiff does not dispute that there is complete diversity in the action between Plaintiff and the Redhibition Defendants. Instead, Plaintiff challenges whether it has fraudulently misjoined the action against the Redhibition Defendants with its actions against the Insurance Defendants. Fraudulent joinder is plainly a procedural issue as it tests whether a plaintiff has properly cumulated his separate and distinct actions against under the applicable procedural

5

rules.  Plaintiff also challenges removal on the basis of 28 U.S.C. § 1441(b)(2), which states that a matter may not be removed if any properly joined defendant is a citizen of the state in which the action is brought.  This too is a procedural issue.  As such, Plaintiff was required to raise these specific challenges within 30 days of removal, no later than October 25, 2015.

Although the Fifth Circuit has not directly addressed the issue of whether a plaintiff may challenge a fraudulent misjoinder argument beyond the 30-day deadline set forth in section 1447(c), in *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1544 (5th Cir. 1991), the Fifth Circuit stated that a procedural defect "is any defect that does not go to the question of whether the case originally could have been brought in federal district court."  For the reasons set forth in the Notice of Removal (Rec. Doc. 1), the citizenship of the Insurance Defendants should simply be ignored when the Court evaluates whether diversity jurisdiction exists.  Once the Court does so, this case could have unquestionably been brought in federal court.  Plaintiff does not challenge this.  Instead, it complains that its joinder of its actions against the Insurance Defendants, including non-diverse defendant Rome, was not an attempt to circumvent the federal jurisdiction that clearly lies over its actions against the Redhibition Defendants.  This is not a jurisdictional challenge.

Courts outside of the Fifth Circuit have used this very logic to reach the conclusion that objections to fraudulent misjoinder arguments must be filed within 30 days of removal or the right to seek remand is deemed waived. For instance, in *Formosa v. Lowe's Home Centers, Inc.,* 806 F. Supp. 2d 1181, 1192 (N.D. Ala. Aug. 15, 2011), the plaintiff filed suit in state court raising a tort action against a barstool manufacturer along with a workers' compensation action against her employer.  The tort defendant removed the matter to federal court on the basis of diversity jurisdiction arguing that, under *Tapscott,* the tort action against it were fraudulently

6

joined with the workers' compensation action filed against the employer defendant. *Id.* at 1184. It was undisputed that the Northern District of Alabama had diversity jurisdiction over the plaintiff's claims. *Id.* However, the plaintiff's workers' compensation claims were not removable by federal statute. *Id.* at 1184-85. The plaintiff filed a motion to remand more than 30 days after the case had been removed. *Id.* at 1185. After the manufacturing defendant opposed the plaintiff's motion to remand on the basis of timeliness and the misjoinder of claims, the *Formosa* court concluded that (1) it lacked subject-matter jurisdiction over the plaintiff's workers' compensation claims and (2) the tort claims and workers' compensation claims were properly joined. *Id.* at 1186-87. Relevant to the issue before this Court, however, the *Formosa* court also found that the plaintiff's remand motion was procedural rather than jurisdiction in nature and, therefore, untimely. *Id.* at 1186. The court concluded that the plaintiff waived her right to seek a remand of the tort action by not challenging the fraudulent misjoinder argument within 30 days. *Id.* at 1192. Therefore, the court refused to remand the entire action and instead severed and remanded the workers' compensation claims over which it clearly lacked jurisdiction. *Id.* at 1186-87.

Regarding Plaintiff's challenge to removal on the basis of 28 U.S.C. § 1441(b)(2), the Fifth Circuit has previously held that the presence of forum defendants is a defect in removal procedure rather than a jurisdictional issue and, thus, any argument challenging removal on such basis is waived if not filed within the 30-day time period set forth in section 1447(c). *See In re Shell Oil Company*, 932 F.2d 1518, 1522-3, (5th Cir. 1991). Accordingly, here, Plaintiff has waived its right to seek remand for any violation of 1441(b)(2).

Although Plaintiff's right to seek remand of its actions against the Insurance Defendants due to a lack subject matter jurisdiction cannot be waived, its right to challenge the procedure

7

over the removal of its actions against the Redhibition Defendants, actions over which this Court has subject matter jurisdiction, can and, here, has been waived. Therefore, Plaintiff's Motion to Remand as it relates to the claims asserted against the Redhibition Defendants should be denied as untimely and this Court should retain jurisdiction over such claims and, pursuant to FED. R. CIV. PROC. 21, sever and remand Plaintiff's claims against the Insurance Defendants. Nonetheless, as explained below, Plaintiff's Motion to Remand should also be denied on the substance of the motion because it has fraudulently misjoined its actions against the Redhibition Defendants and Insurance Defendants in this matter.

## III.   FRAUDULENT MISJOINDER HAS BEEN RECOGNIZED BY THIS DISTRICT AND ACKNOWLEDGED BY THE FIFTH CIRCUIT.

The doctrine of fraudulent *mis*joinder was first articulated by the U.S. Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) to prevent plaintiffs from circumventing federal jurisdiction by misjoining causes of action against non-diverse parties who have no connection to the litigation against the diverse parties. Fraudulent misjoinder tests the procedural basis for joining multiple actions and defendants in a single action. The *Tapscott* court reasoned that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott*, 77 F.3d at 1360. Thus, like the fraudulent joinder doctrine, fraudulent misjoinder guards a defendant's statutory right to removal against abusive pleading practices.

Plaintiff's suggestion that the Fifth Circuit and the Western District of Louisiana have rejected the fraudulent-misjoinder doctrine is unfounded. Although the Fifth Circuit has not directly applied the fraudulent-misjoinder doctrine, it has certainly indicated that it agrees, at least in principle, with the concept of fraudulent misjoinder as established by *Tapscott. See In re*

8

*Benjamin Moore & Co.,* 309 F.3d 296 (5th Cir. 2002) ("... it might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction." *citing Tapscott* ); *In re Benjamin Moore & Co.,* 318 F.3d 626, 630 (5th Cir. 2002) ("... without detracting from the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction, we do not reach its application in this case."). Certainly, the Fifth Circuit has not rejected the *Tapscott* doctrine of fraudulent misjoinder.

Further, despite Plaintiff's suggestion otherwise, courts within the Western District of Louisiana have in fact favorably applied the fraudulent-misjoinder doctrine. *See e.g., Constance v. Austral Oil Exploration Co., Inc.*, No. 12-cv-01253, 2013 WL 495781, *5-6 (W.D.La. Feb. 6, 2013) (finding fraudulent misjoinder of defendants against whom claims for damages arose out of separate tracts of land and where proof of damages, amount of damages, and people/entities found liable were different for each tract of land); *Augustine v. Employers Mut. Cas. Co.*, No. 2:08–cv–1102, 2010 WL 4930317, at * 15-6 (W.D.La. Nov. 30, 2010) (finding fraudulent misjoinder insurer and private adjuster even though all claims against each arose out of damages caused by Hurricane Rita because the claims were distinct, the relief sought was different, and the discovery issues completely separate); and *Frankland v. State Farm Fire & Cas. Co.*, No. 2:07-cv-1767, 2008 WL 4072819, * 4-5 (W.D.La. Jul. 2, 2010) (finding fraudulent misjoinder of insurer and private adjuster even though all claims against each arose out of damages caused by Hurricane Rita because the legal issues between the claims were distinct, the relief sought was different, and the discovery issues completely separate).

In arguing that the Western District has rejected the fraudulent-joinder doctrine, Plaintiff relies on dicta in *Lindquist v. J & J Exterminating, Inc.*, CA No. 07-1994, 2008 WL 1968339

9

(W.D.La. May 5, 2008), which is a case that appears to be somewhat of an anomaly among the opinions issued by the district courts lying within in the Fifth Circuit.[1] In fact, recent Western District of Louisiana cases declining to apply the fraudulent-misjoinder doctrine still indicate the Fifth Circuit would adopt and apply the doctrine in the appropriate circumstance. *See e.g., Akshar 6, L.L.C. v. Travelers Cas. & Sur. Co. of American,* CA No. 09-1942, 2010 WL 3025018 (W.D.La. Jul. 29, 2010) ("The Fifth Circuit has not expressly adopted *Tapscott's* theory of fraudulent misjoinder but has indicated it might do so in an appropriate case") (citing *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532-33 (5th Cir. 2006); *In re Benjamin Moore & Co.,* 318 at 630–31)). Further, at most, the *Lindquist* court only questioned whether the Fifth Circuit has in fact adopted the fraudulent-misjoinder doctrine. *See Zeber v. E.L. Cretin, L.L.C.,* CA No. 10-89-BAJ-DLD, 2010 WL 5856063, at *2 (M.D. La. Nov. 30, 2010) (Identifying a list of cases standing for the proposition that the Fifth Circuit has adopted the fraudulent-misjoinder doctrine, but noting that the *Lindquist* court questioned whether the Fifth Circuit had in fact done so). Accordingly, the overwhelming case law supports a finding that the fraudulent-misjoinder doctrine would be applied by the Fifth Circuit in appropriate cases and has in fact been applied by this district in at least three such cases.

---

[1] *Creadeur v. Atlantic Richfield Co.,* Ca. No. 14–cv–00695, 2014 WL 2999261 (W.D.La.7/3/2014) also seemingly suggests that the fraudulent-misjoinder doctrine was rejected by the Fifth Circuit in *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529 (5th Cir. 2006). However, a close reading of *Crockett* reveals that fraudulent misjoinder was not an issue in that case by the time it reached the Fifth Circuit. Nevertheless, the Fifth Circuit did rely on the reasoning in *Tapscott* to conclude that "joinder [may be] improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants" and found that the state court's severance of claims on the basis that the claims were improperly joined was tantamount to improper joinder. Accordingly, Deere Construction respectfully suggests that *Crockett* actually supports the application of *Tapscott's* fraudulent misjoinder doctrine in this circuit.

IV.   **PLAINTIFF'S JOINDER OF ITS ACTIONS AGAINST THE REDHIBITION DEFENDANTS WITH ITS ACTIONS AGAINST THE INSURANCE DEFENDANTS IS IMPROPER.**

Procedurally, the application of fraudulent-misjoinder doctrine is simple; if a court finds that action against a non-diverse party has been improperly joined, the improperly joined action should be severed and remanded to state court allowing the action against the diverse defendants to proceed in federal court. *See Constance*, 2013 WL 495781 at \*7; *Frankland*, 2008 WL 4072819, \* 3.

In determining whether there has been a fraudulent or improper misjoinder, the Western District of Louisiana has consistently held that state joinder rules should govern since the plaintiff was required to follow the state's joinder rules when it initially brought suit. *Constance*, 2013 WL 495781, \*5.    Therefore, Deere Construction conducts its analysis under Louisiana joinder rules.

The Louisiana Code of Civil Procedure defines "cumulation of actions" as "the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants." LA. CODE CIV. PROC. art. 461. Article 463 of the Louisiana Code of Civil Procedure provides as follows:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
> (1) There is a community of interest between the parties joined;
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

LA. CODE CIV. PROC. art. 463.

The Louisiana Supreme Court has defined "community of interest" as "the parties' causes of actions (or defenses) 'arising out of the same facts, or presenting the same factual and legal issues.' " *Stevens v. Bd. of Trustees of Police Pension Fund of Shreveport*, 309 So.2d 144, 147

11

(La. 1975) (*quoting* Official Revision Comment (c), Article 463). A "community of interest is present between different actions or parties where enough factual overlap is present between the cases to make it commonsensical to litigate them together." *Mauberret–Lavie v. Lavie*, 850 So.2d 1, 2 (La.App. 4 Cir. 2003).

The crux of Plaintiff's argument that it properly joined its actions against the Redhibition Defendants with its actions against the Insurance Defendants is that all actions arise out of the alleged fire to its excavator. As further support, Plaintiff argues, without citing any authority for its argument, that the Redhibition Defendants would be entitled to any insurance proceeds Plaintiff may receive from the Insurance Defendants. However, Plaintiff's representation of the distinct actions is disingenuous. Plaintiff conveniently fails to address that its litigation against the Insurance Defendants in this matter revolves around the fact that there <u>are no insurance proceeds available to it</u> because its equipment was not listed on its insurance policy. Therefore, Plaintiff's causes of action against the Insurance Defendants do not arise out of a coverage dispute with regard to the alleged fire to the excavator, but instead arise out of its private dealings with the Insurance Defendants.

To prevail on its claim for redhibitory defect against the Redhibition Defendants, Plaintiff must establish that its alleged damages were caused by a hidden defect and that the defect existed at the time of the sale. *Wilks v. Ramsey Auto Brokers, Inc.*, 48,738 (La. App. 2 Cir. 1/15/14), 132 So. 3d 1009, 1013. The Insurance Defendants do not have any liability for Plaintiff's product claims. The documentary evidence, witness testimony, and arguments of law that will need to be advanced by Plaintiff will focus on the cause of the fire, the condition of the excavator at the time of the sale, and what Plaintiff and the Redhibition Defendants knew about the excavator at the time of the sale. With regard to Plaintiff's claims against Redhibition Defendants arising out

12

of any sales agreement or written warranty, the Insurance Defendants are not parties to the alleged agreements and, thus, are not parties to such claims and cannot have any liability for such claims. The Insurance Defendants have nothing of value to offer with regard to Plaintiff's product claims.

On the other hand, to prevail on its claims arising out of Romero and/or Gallagher's failure to procure insurance, Plaintiff must establish (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence to obtain insurance and to notify the client promptly of the absence of coverage; and (3) actions by the agent which warranted the client's assumption that he was insured in the amount of the desired coverage. *Prest v. Louisiana Citizens Prop. Ins. Corp.*, 2012-0513 (La. 12/4/12), 125 So. 3d 1079, 1086 (internal quotations omitted). The evidence Plaintiff would need to introduce to support its claims against the Insurance Defendants is solely related to its communications with Romero and Gallagher and Romero and their actions with regard to Plaintiff's Great American insurance policy following those communications. The Redhibition Defendants are not parties to any agreement to procure insurance relevant to this matter and thus are not parties to such claims and have no liability for such claims. Accordingly, any claims arising out of such contracts or agreement are "wholly distinct" and "have no real connection" to the product claims asserted against the Redhibition Defendants. Most importantly, there is no community of interest between Romero, the sole non-diverse defendant, and the Redhibition Defendants.

Plaintiff relies on one Eastern District, one Middle District, and one Western District case to argue that the joinder of the multiple actions in this matter was proper or, at least, does not amount to egregious misjoinder. However, the case law cited by Plaintiff is factually distinguishable from this matter.

In *Ngo v. Essex Insurance Co.*, CA No. 07-7643, 2008 WL 4544352 (E.D.La. Oct. 9, 2008), the plaintiff cumulated his actions against his realtor and realtor company and their insurer arises out of a failure to procure proper inspections of property purchased by him with his action against his insurance company following Hurricane Katrina for denying coverage because the proper inspections were not performed.  The insurer removed the action to federal court arguing that the realtor, realtor company, and their insurer had been improperly joined in the action against it.  The court remanded finding that the insurance company had not established anything more than "mere misjoinder" as the questions of whether the inspections were procured by the realtor, the actual condition of the elevators before and after the storm, and whether the insurer properly denied the claim will necessarily involve similar evidence.  *Ngo*, 2008 WL 4544352 at * 3.  At best, this case supports the finding that the Plaintiff's action against Great American was not egregiously misjoined with its actions against Gallagher and Romero.

In *Zeber v. E. L. Cretin, L.L.C.*, CA. No. 10-89-BAJ-DLD, 2010 WL 5856063 (M.D. La. Nov. 30, 2010), plaintiffs brought suit in state court for damages allegedly sustained as the result of the use of Chinese drywall in the construction of their new home.  They named as defendants the home seller; the home builder and its liability insurers; various John Doe supplier and installers of the drywall and their liability insurers; and plaintiffs' own homeowner's insurer. The plaintiff's homeowner's insurer removed the action arguing that the actions against the builder/seller/supplier defendants were fraudulently misjoined with the claims against it to destroy diversity.  *Zeber*, 2010 WL 5856063 at * 1.  The court concluded that the cumulation of actions did not rise to fraudulent misjoinder because common issues needed to be resolved in each action including: (1) whether the home had Chinese Drywall; (2) the types of damages sustained; (3) whether the damages sustained were caused by the use of Chinese Drywall; and

14

(4) whether the damages sustained implicate coverage.   The court openly assumed that the "cause" of the plaintiffs' damages will directly impact the coverage provided by the policy. *Zeber*, 2010 WL 5856063 at * 3.

Lastly, Plaintiff relies on *Akshar 6, L.L.C. v. Travelers Cas. & Sur. Co. of American*, *supra*, which involved claims arising out of sheetrock defects and mold and mildew problems as a result of material and construction defects in the construction of the plaintiffs' hotel.   In *Akshar*, the court found that the plaintiffs' actions against its general contractor, subcontractors, architect, engineers (and their insurers) and plaintiffs' action against the hotel's general liability insurer were properly joined due to the common issues of law and fact.   *Akshar*, 2010 WL 3025018 * 4.   Although such issues were not articulated by the court, presumably the cause of the plaintiffs' damages being central to each action was a pivotal factor.

This matter is factually distinct from the above-mentioned cases because, again, Plaintiff's actions against the Insurance Defendants are not based on coverage as there are <u>no insurance proceeds available to it</u> because its equipment was not listed on its insurance policy. Plaintiff may not have discovered the lack of insurance coverage until the alleged excavator fire occurred.   However, the cause of the excavator fire is not an issue in his action against the Insurance Defendants.   This is especially true with regard to Plaintiff's case against Romero, who is the only non-diverse defendant, and Gallagher.   Plaintiff's action against Gallagher and Romero arise solely out of the failure to procure insurance coverage on its behalf and/or the failure to properly itemize its equipment on its Great American insurance policy.   Plaintiff's action against Great American arises out of its failure to add the equipment to the insurance policy.   However, again, each of the actions against the Insurance Defendants arises out of the fact that there are no insurance proceeds available to Plaintiff.   Therefore, and as already

15

explained above, the litigation against the Redhibition Defendants is wholly distinct and not at all dependent upon Plaintiff's litigation against the Insurance Defendants.

The issues related to the misjoinder argument in *Frankland v. State Farm Fire & Cas. Co.*, *infra*, are analogous to those at issues here. In *Frankland*, the plaintiff brought claims against defendants related to damage sustained to her home during Hurricane Rita. The plaintiff asserted claims against her homeowner's insurer for failure to promptly and properly adjust the hurricane damage to her home. The plaintiff also joined to the litigation a separate contract claim against the private adjuster she hired to assist her with the adjustment of her claim. Specifically, the plaintiff sought to challenge the enforceability of that contract. *Frankland*, 2008 WL 4072819, * 1. The court found insufficient community of interest for the defendants to be joined as co-defendants because the legal issues, relief sought, and discovery issues between the two sets of claims were completely separate and distinct. *Id.* at * 5.

Similarly, the court in *Smith v. Nationwide Mut. Ins. Co.*, 286 F.Supp.2d 777 (S.D.Miss. 9/29/2003), found an insufficient community of interest between plaintiffs' actions against the operator of a bushhog mower, his parents, and their insurer for injuries sustained in an automobile accident with the plaintiffs actions against their own uninsured motorist insurer and the subrogation company that asserted a lien against the plaintiffs' uninsured motorists insurance benefits from the car accident. *Smith*, *286* F.Supp.2d at 778. The underlying accident was allegedly caused when the bushhog mower struck a hammerhead, sending it crashing through the windshield of the automobile being operated by one of the plaintiffs. Plaintiffs filed a claim against their uninsured motorist policy, but the insurer would not release the policy proceeds due to the subrogation lien being asserted against those proceeds.   The court found that the plaintiffs' action against the non-diverse defendants, who were the operator of the mower, his

16

parents, and their insurer, related to the accident in question whereas the plaintiffs' action against the diverse defendants, who were the uninsured motorists insurer and the subrogation company, related solely to the failure to pay benefit claims and tortious interference with a contract that were not in dispute in the automobile accident litigation. *Id.* at 778-79.

In the case *sub judice*, as was the case in *Frankland* and *Smith*, the evidence and legal issues related to the claims against the Insurance Defendants would shed no light whatsoever on Plaintiff's claims against the Redhibition Defendants. Likewise, the evidence and legal issues related to the claims against the Redhibition Defendants would shed no light on Plaintiff's claims against the Insurance Defendants. Accordingly, the discovery needed as to each group of defendants is completely different. Further, any dispositive motions as to one group of defendants would have no bearing on the actions against the other set of defendants. Thus, there would be no benefit to consolidating the distinct and separate product and insurance claims in this matter under one scheduling order.

With regard to whether the misjoinder is egregious, in *Tapscott,* the Eleventh Circuit held "fraudulent misjoinder" or "procedural misjoinder" occurs when the disjoined parties and claims are "wholly distinct" and "have no real connection" to each other, such that their joinder is "bordering on a sham." *Tapscott,* 77 F.3d at 1360 ("A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.' ") (quoting *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)). The courts have not articulated a clear standard with regard to deciding whether misjoinder is egregious. Plaintiff's purpose in joining these distinct actions is to circumvent this Court's jurisdiction over the actions against the Redhibition Defendants. Here, Plaintiff's claims against the Insurance Defendants are wholly distinct and have no real connection to the claims against the

Redhibition Defendants.   As the courts found in *Frankland* and *Smith*, such a lack of common interest arises to the level of fraudulent misjoinder.

In sum, there is no community of interest between the Redhibition Defendants and the Insurance Defendants.   Accordingly, the two separate and distinct sets of claims should be severed with the Court retaining jurisdiction over Plaintiff's product claims against Deere Construction and Doggett and remanding the claims against the Insurance Defendants.

## V.   CONCLUSION.

**WHEREFORE**, for the reasons set forth herein, Defendant, John Deere Construction & Forestry Company, respectfully opposes the remand of the action against it on the basis that Plaintiff's Motion to Remand is untimely and because Plaintiff improperly cumulated its actions against the Insurance Defendants, including Romero, with its actions against the Redhibition Defendants.   This Court has original jurisdiction over the subject matter of the claims asserted against the Redhibition Defendants under 28 U.S.C. § 1332 because this action arises between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.   Further, this action was properly removed on diversity jurisdiction because Defendant, John Deere Construction & Forestry Company, is not a citizen of Louisiana, which is the state in which Plaintiffs brought the action. *See* 28 U.S.C. § 1441(b).

Dated:   November 16, 2015.

Respectfully submitted,

s/ PAUL M. LAVELLE
**PAUL M. LAVELLE (08134)**
COTTEN SCHMIDT & ABBOTT, LLP
650 Poydras Street, Suite 2810
New Orleans, LA  70130
Telephone:  (504) 568-9393
Facsimile:  (504) 524-1933
plavelle@csa-lawfirm.com

18

**ATTORNEYS FOR DEERE & COMPANY, INC. AND JOHN DEERE CONSTRUCTION & FORESTRY COMPANY**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 16th day of November, 2015 filed electronically a true copy of the foregoing through the CM/ECF system.  All participants of the CM/ECF system received notice of this filing by operation of the Court's electronic filing system and may access this filing through the Court's CM/ECF system.

s/ PAUL M. LAVELLE
**PAUL M. LAVELLE**

19