UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION

Le Talley-Ho Construction Co.                                  Civil Action No. 15-02420

versus                                                                       Judge Rebecca F. Doherty

John Deere Construction &                              Magistrate Judge Carol B. Whitehurst
Forestry Co., et al

**ORDER OF REMAND**

Before this Court is a Motion To Remand filed by Plaintiff, Le Talley-Ho Construction Company [Rec. Doc. 15] and Defendant, John Deere Construction & Forestry Company's, ("John Deere") opposition thereto [Rec. Doc. 23].  Having reviewed the pleadings, the relevant jurisprudence, the applicable law, and for the reasons that follow, the Court will grant Plaintiff's Motion.

*I. Background*

This matter arises out of damages sustained by Plaintiff as a result of a fire to a John Deere Excavator purchased by Plaintiff from W.L. Doggett, LLC d/b/a Doggett Machinery Services, LLC ("Doggett"), in Broussard, Louisiana. Plaintiff alleges the purchase agreement and loan contract were forwarded to its insurance agents, Arthur J. Gallagher Risk Management Services, Inc. ("Gallagher") and Brent Romero ("Romero"), in order to add the excavator to Plaintiff's equipment schedule for coverage under its insurance policy issued by Great American Insurance Company

of New York ("Great American").

On August 15, 2014, during the operation of the excavator, Plaintiff alleges the machine "suddenly and without warning" caught fire rendering the excavator useless. Plaintiff further alleges Gallagher and Romero were notified of the fire and resulting damage and instructed to institute a claim for recovery of damages. Great American's appraiser assessed the damaged excavator and declared it a total loss. On September 19, 2014, Great American issued correspondence to Plaintiff denying coverage for the claim under Plaintiff's policy.

On August 14, 2015, Plaintiff filed a Petition for Damages in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, against John Deere, Doggett, Gallagher, Romero and Great American. In particular, Plaintiff asserted the following claims: (1) redhibition, pursuant to La. C.C.P. art. 2520, *et seq.*, breach of contract, breach of warranties and negligence against John Deere and Doggett; (2) "breach of duties"[1] against Gallagher and Romero; and, (3) breach of contract against Great American. John Deere filed a Notice of Removal on September 25, 2015 asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and § 1441. In the Removal Notice, John Deere acknowledged that Romero is a resident of Louisiana

---

[1] Although Plaintiff did not state with specificity the alleged claims against Gallagher and Romero, the Court notes La.Rev.Stat. § 9:5606(A), which provides the time lines for filing an action for damages against any insurance agent or broker states in part, "whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services."

and is therefore non-diverse, but argued that because Plaintiff's claims against Romero, one of the insurance defendants, were "fraudulently misjoined" with Plaintiff's claims against John Deere and Doggett, the "Redhibition Defendants," Plaintiff's Petition is removable on the basis of diversity jurisdiction.

## *II. Contentions of the Parties*

On October 28, 2015, Plaintiff filed this Motion to Remand asserting that John Deere's removal under 28 USC 1332(a), diversity jurisdiction, is improper as defendant Romero is a Louisiana resident. Plaintiff contends that John Deere bases its removal on "a court-invented principle," fraudulent misjoinder, an 11th Circuit concept which has not been adopted or applied by the 5th Circuit. Plaintiff further argues that, even if this Court considers fraudulent misjoinder to permit removal based on diversity jurisdiction, John Deere can not meet the heavy burden to demonstrate that the joinder of the defendants by Plaintiff was "egregious."

John Deere initially argues that because Plaintiff's Motion was filed 33 days after the Notice of Removal was filed and is not based on the Court's subject matter jurisdiction, it is untimely. Alternatively, John Deere contends that this Court should recognize the doctrine of fraudulent misjoinder and find that the non-diverse defendant, Romero—an insurance defendant, is improperly joined with the "Redhibition Defendants" and deny the Motion.

### III. Law and Analysis

*Timeliness Of The Motion To Remand*

Once a civil action is removed to federal court, a plaintiff may challenge the removal by filing a motion to remand pursuant to 28 U.S.C. § 1447(c). A party may only make a motion to remand on the basis of any defect other than lack of subject matter jurisdiction within thirty days after the filing of the notice of removal under section 1446(b). *See* 28 U.S.C. § 1447(c). Any defect that does not involve the question of whether the case originally could have been brought in federal district court is merely a defect in removal procedure, rather than jurisdictional defect. *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir.1991).

John Deere attempts to argue that Plaintiff does not dispute "there is complete diversity ... between Plaintiff and the Redhibition Defendants," but rather "challenges whether it has fraudulently misjoined the action." *R. 23*. Thus, John Deere contends because Plaintiff's Motion is not based on subject matter jurisdiction and was filed more than 30 days after removal, it must be dismissed as untimely. John Deere's argument is wholly disingenuous. Plaintiff's Motion to Remand specifically questions this Court's subject matter jurisdiction over the state action—an issue that may be raised at any time. *See* 28 U.S.C. § 1447(c); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.1999). This Court must therefore consider whether it has

subject matter jurisdiction over the removed action, cognizant that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir.2013).

*Removal and Diversity Jurisdiction*

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F .3d 912, 916 (5th Cir.2001). Here, the removing defendant has not met its burden. Accordingly, this Court lacks diversity jurisdiction and remand is required.

The removal statute provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). In cases which are removed based on diversity, it is axiomatic that no defendant may be a citizen of the forum state. 28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 469, 473 (1996). Thus, when there is a single defendant who is a citizen of the forum state present, removal on the basis of diversity

jurisdiction is barred. *Id*. Similarly, in a case with multiple plaintiffs and/or multiple defendants, complete diversity is required. *Id*.; *Exxon v. Allapattah*, 545 U.S. 546, 552 (2005). Moreover, in diversity cases, a single non-diverse party "destroys original jurisdiction with respect to all claims" in the action. *Id*. at 554. An exception to the rule of complete diversity applies when a non-diverse defendant is improperly joined in order to defeat the court's diversity jurisdiction.

It is undisputed that Plaintiff is a citizen of Louisiana and that defendant Romero is a Louisiana citizen. It is also undisputed that the removing defendant, John Deere, is a diverse defendant. John Deere contends the presence of the non-diverse defendant, Romero, should be disregarded because he was "fraudulently misjoined."

*Improper or Fraudulent Joinder (or Misjoinder)*

As the party invoking this Court's jurisdiction, John Deere bears the burden of establishing federal subject matter jurisdiction. *Dodson v. Spiliada Maritime Corp*., 951 F.2d 40, 42 (5th Cir.1992). The Fifth Circuit has recognized two ways for the removing party to establish improper or fraudulent joinder: "actual fraud in the pleading of jurisdictional facts," or an "inability of the plaintiff to establish a cause of action against the non-diverse defendant." *Ross v. Citifinancial, Inc*., 344 F.3d 458, 461 (5th Cir. 2003). The removing party's burden of proving improper joinder is "heavy." *McDonald v. Abbott Laboratories,* 408 F.3d 177, 183 (5th Cir.2005). Here,

6

John Deere does not contend that there was any fraud in the pleading of jurisdictional facts nor does John Deere contend that Plaintiff has no reasonable basis for recovery against the other defendants. Thus, John Deere has failed to carry its burden under either of the two methods for establishing improper joinder recognized by the Fifth Circuit.

Instead, John Deere argues that under the analysis set forth in *Tapscott v. MS Dealer Service Corp.*, Romero was improperly "misjoined" with the "Redhibition Defendants," and his citizenship should be disregarded in a diversity jurisdiction determination. *Id.*, 77 F.3d 1353, 1360 (11th Cir.1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000). In *Tapscott*, the Eleventh Circuit found that fraudulent joinder can exist when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability, and when the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360. The court identified this scenario as a third type of fraudulent joinder in addition to the two identified by the Fifth Circuit. *See, Ross*, 344 F.3d at 461. Specifically, the Eleventh Circuit held that "egregious" misjoinder, but not "mere" misjoinder, of parties that have no real connection with each other can constitute fraudulent joinder. *Tapscott*, 77 F.3d at 1360.

Although the Fifth Circuit has not adopted the theory of "fraudulent misjoinder," it has mentioned the theory in a few cases. *In re Benjamin Moore & Co.*, the Fifth Circuit stated, without holding, that the fraudulent misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction. 318 F.3d 626, 630-31 (5th Cir.2002). However, in *Smallwood v. Illinois Central Railroad Co.*, an *en banc* Fifth Circuit decision that post-dates *Benjamin Moore*, the Fifth Circuit identified only two methods of establishing improper joinder, actual fraud in the pleading of jurisdictional facts and the inability of the plaintiffs to plead a cause of action against the non-diverse defendants in state court. 385 F.3d 568, 573 (5th Cir.2004). There is no mention of *Tapscott* improper joinder as an acceptable method of establishing improper joinder in *Smallwood*. Instead, it clearly stated that "we have recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.*

In the most recent case, *Crockett v. R.J. Reynolds Tobacco Co.*, the Fifth Circuit reiterated that statement from *Smallwood* and distinguished the *Tapscott* "egregious misjoinder" from improper joinder. 436 F.3d 529, 532 (5th Cir.2006). The *Crockett* court stated:

> A party, however, can be improperly joined without being fraudulently joined. Under federal law, defendants are properly joined if (1) "there is

8

asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a). Texas has adopted the same requirements for proper joinder. *See* Tex.R. Civ. P. 40(a). If these requirements are not met, joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants.

The above statement, which is followed by a citation to *Tapscott*, does not indicate that "egregious misjoinder" under *Tapscott* should be classified as a third type of improper joinder as John Deere suggests; to the contrary, it recognizes that what was described in *Tapscott*, i.e. improper joinder under the state law for permissive joinder, is different from what was traditionally known as fraudulent joinder. As the court held in *Creadeur v. Atlantic Richfield Co.*,

> The Fifth Circuit had the opportunity, in deciding *Crockett*, to expressly and specifically address whether *Tapscott's* "egregious misjoinder" was a form of improper joinder, and the Court did not do so, choosing instead to reiterate that it recognizes only two ways in which fraudulent joinder can be established. As *Crockett* remains the Fifth Circuit's most recent reference to the *Tapscott* decision, this Court is constrained to follow that jurisprudence.

2014 WL 2999261, at *6 (W.D.La.,2014). This Court agrees that the Fifth Circuit jurisprudence has not recognized *Tapscott* fraudulent misjoinder as the basis for John Deere's removal of this action.

But even assuming *arguendo* that such fraudulent misjoinder would allow John Deere to seek relief, any misjoinder here does not constitute improper joinder under

*Tapscott*. Under *Tapscott*, "fraudulent misjoinder" is said to exist when (1) a defendant has been misjoined with other defendants in violation of applicable joinder rules; and (2) the misjoinder is so egregious as to constitute fraudulent joinder. *Tapscott*, 77 F.3d at 1360. John Deere argues the Court should apply Louisiana state joinder rules as the applicable joinder rule in this case. The district courts within the Fifth Circuit which have applied the *Tapscott* analysis differ on whether federal or state rules of joinder apply in a *Tapscott* analysis. *See e.g. Henley v. Meyer*, 2015 WL 224369, at *4 (N.D.Tex.,2015) (court applied state joinder rule); *Accardo v. Lafayette Insurance Co.*, 2007 WL 325368 at *4; *Millet v. Liberty Mutual Ins. Co.*, 2008 WL 147821 (E.D.La.2008)(courts applied state joinder rules in determining whether joinder was proper); *Akshar*, 2010 WL 3025018; *Defourneaux v. Metropolitan Property and Casualty Insurance Company*, 2006 WL 2524165 at *1 (court applied joinder analysis under Fed. Rule Civ. P. 20 in determining whether joinder was proper).

Thus, the law of the Fifth Circuit is unsettled as to whether the "fraudulent misjoinder" theory is applicable to establish diversity jurisdiction **and** as to which standard, Fed. Rule Civ. P. 20 or state joinder rules, are applicable in the *Tapscott* analysis. One thing is settled, however, and that is even if the Court were to find that Plaintiff's claims were improperly joined under either federal or state joinder rules,

the Court also must find that the misjoinder was so egregious as to warrant a finding of fraudulent misjoinder. *Akshar*, at *3 (citing *Tapscott*, 77 F .3d at 1360).

In *Tapscott*, the Eleventh Circuit held "fraudulent misjoinder" or "procedural misjoinder" occurs when the disjoined parties and claims are "wholly distinct" and "have no real connection" to each other, such that their joinder is "bordering on a sham." 77 F.3d at 1360 ("A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.' "). Other courts have held that misjoinder is not "egregious" unless "the connection between the claims against the individual parties is so tenuous that disregarding the citizenship of the joined parties is just," or "when there is no 'palpable connection' between the claims and the parties joined." *Lundquist v. J & J Exterminating, Inc.*, 2008 WL 1968339 (W.D.La. May 2, 2008); *see also, Texas Instruments Inc. v. Citigroup Global Markets, Inc.,* 266 F.R.D. 143 (N.D.Tex.2010) (and cases cited therein); *Akshar 6, L.L.C. v. Travelers Cas. & Sur. Co. of America*, 2010 WL 3025018, at *4 (W.D.La.,2010).

Here, all of the claims asserted by Plaintiff against the insurance defendants, including Romero, arise out of the same factual circumstances as its claims against the "Redhibition Defendants," and Plaintiff's claim for damages is against all defendants for the damages sustained as a result of the loss of the John Deere

11

Excavator. While there may be distinct legal issues involved, e.g. some defendants may be liable in tort and others in contract, there are significant common factual and legal issues that must be decided with respect to all claims against all defendants. *Compare Tapscott*, 77 F.3d 1353 (claims against twenty-two named defendants for state law violations arising from sales of service contracts on automobiles had "no real connection" to claim against three additional defendants for state law violations arising from sales of extended service contracts for retail products); *Accardo v. Lafayette Ins. Co.*, 2007 WL 325368 (E.D.La. Jan.30, 2007) (where eighteen individual homeowners sued various insurance companies for breach of contract and bad faith after suffering damage to their homes as a consequence of Hurricane Katrina and/or Hurricane Rita, the district court determined each plaintiff was uniquely situated and that the lawsuit was most properly viewed as eighteen separate actions, each with its own particular facts). Thus, even assuming that *Tapscott* fraudulent misjoinder applies to John Deere's removal of this matter, John Deere cannot establish that any misjoinder is so egregious as to warrant a finding of fraudulent misjoinder.

*IV. Conclusion*

For the foregoing reasons, the Court finds that John Deere has failed to meet its burden to establish that this action was properly removed to this Court under 28

U.S.C. § 1332.  The Court will therefore grant Plaintiff's Motion To Remand.

**IT IS ORDERED** that Plaintiff's Motion To Remand [Rec. Doc. 15] is **GRANTED**, and this matter is hereby **REMANDED** to the 15th Judicial District Court of the State of Louisiana.

This Order shall be **STAYED** for fourteen days from the date of issuance.  Any appeal to the District Judge must be filed within fourteen days from the date of this Order.  If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided.  If no timely appeal is filed, the clerk shall remand the action forthwith.

Thus done and signed this 19th day of November, 2015 at Lafayette, Louisiana.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**